UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUABEYA KAPIAMBA,

    Petitioner,

                                     Case No. 1:07-cv-335
v.                                         Hon. Robert J. Jonker

ALBERTO GONZALEZ, et al.,

    Respondent.

_____/

**ORDER**

Petitioner has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. This matter is before the court on petitioner's letter which has been docketed as a "motion for order restraining the Immigration and [C]ustoms Enforcement [ICE] from further transfer" (docket no. 28).

Petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(B), which provides that the Attorney General must detain certain aliens while their removal proceedings are pending, including aliens like petitioner who were sentenced "to a term of imprisonment of at least 1 year." *See also* 8 U.S.C. § 1227(a)(2)(A)(iii) ("[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable"). Petitioner was originally held in the Calhoun County Jail and then transferred to the William Dickerson Facility in Hamtramck. *See* Petitioner's motion.[1] Petitioner states that he is receiving "better medical treatment and adequate nutrition for diabetes and high blood pressure" at the new facility. *Id.* Petitioner also states that ICE agents allegedly used excessive force transporting him to another facility for a video conference on August 29, 2007. *Id.*

---

[1] Both parties refer to the William Dickerson Facility as located in Detroit.

Now, petitioner seeks an order to restrain ICE "from further transfer of my person to a different detention facility and further violation of my physical integrity by ICE agents." *Id.*

"The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1). "[T]he place of detention is left to the discretion of the Attorney General." *Sinclair v. Attorney General of the United States,* 198 Fed. Appx. 218, 222 n. 3 (3rd Cir. 2006) (listing cases). *See also, Marogi v. Jenifer*, 126 F. Supp. 2d 1056, 1066 (E.D. Mich. 2000) ("Congress has placed the responsibility for determining where aliens are to be detained within the sound discretion of the Attorney General"). Such discretionary decisions are not subject to judicial review pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), which provides in pertinent part that "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any other decision or action of the Attorney General . . . for which is specified under this title to be in the discretion of the Attorney General. . . ." As the court observed in *Arar v. Ashcroft*, 414 F.Supp.2d 250, 271 (E.D.N.Y. 2006), § 1252(a)(2)(B)(ii) "essentially bars judicial review of [the Attorney General's] purely discretionary determinations."

Here, the Attorney General's discretionary decision to detain petitioner in a particular facility is not subject to judicial review. Accordingly, petitioner's motion is **DENIED**.

**IT IS SO ORDERED.**


Dated: November 7, 2007               /s/ Hugh W. Brenneman, Jr.
                                      HUGH W. BRENNEMAN, JR.
                                      United States Magistrate Judge