UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUABEYA KAPIAMBA,

       Petitioner,

                                  CASE NO. 1:07-cv-335

v.

                                  HON. ROBERT J. JONKER

ALBERTO GONZALES, et. al.,

       Respondents.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 69) filed on October 24, 2008. Plaintiff filed his Objections to the Report and Recommendation (docket # 70) on November 5, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

Petitioner's habeas petition challenges his continued detention and possible deportation to the Democratic Republic of the Congo. The Report and Recommendation recommends the petition be summarily dismissed for failure to raise a meritorious federal claim. Petitioner raises a variety of overlapping objections, many of which simply restate his basic argument that his detention is unlawful. Ultimately, none of the objections undermines the analysis of the Magistrate Judge. After a de novo review of the record, the Court agrees with Magistrate Judge Brenneman, and Petitioner's petition is dismissed.

**I.     Background[1]**

Petitioner is a citizen of the Democratic Republic of the Congo ("DRC"). He entered the United States in 2001 and received asylum status in 2003. In 2006, Petitioner was convicted of felony sexual assault in Michigan state court. Shortly thereafter, the United States instituted removal proceedings against Petitioner. Petitioner was detained during the pendency of the removal proceedings. The Board of Immigration Appeals ("BIA") entered a final order of removal in March 2008, but Petitioner has not yet been deported. He remains in federal custody at this time.

**II.    Petitioner's Challenges to the BIA's Removal Order**

In Counts I, III, and IV of his habeas petition, Petitioner challenges BIA's order of removal. The Magistrate Judge recommended dismissal of these claims because federal district courts do not have jurisdiction over habeas challenges to an order of removal. *See*, *e.g.*, *Muka v. Baker*, 559 F.3d 480, 483 (6th Cir. 2009) (citing 8 U.S.C. § 1252(b)(9)). Petitioner objects, asserting that he seeks to challenge the BIA's decision regarding the applicability of the mandatory pre-removal detention

---

[1] The facts and procedural history relevant to this case are explained in more detail in the Magistrate Judge's Report and Recommendation (docket # 69).

provisions contained in 8 U.S.C. § 1226(c), and not the validity of the actual order of removal. (Petitioner's Objections, docket # 70, at 2-3; Petitioner's Reply, docket # 74, at 2.)

Petitioner's objection is without merit. The sole means for judicial review of an order of removal is to petition for review in the appropriate appellate court. *Tilley v. Chertoff*, 144 Fed. Appx. 536, 538 (6th Cir. 2005); 8 U.S.C. §§ 1252(b)(9), (g). The prohibition against district court review applies to "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9). The plain language of § 1252 precludes this Court from reviewing any aspect of BIA's removal order. The statute requires Petitioner to pursue his claims in the appropriate appellate court, and, as Petitioner readily admits, he already has done just that. He filed a petition for review in the Sixth Circuit in July 2008. (Case No. 08-3851; Petitioner's Reply, docket # 74, at 2.) That petition remains pending in the Sixth Circuit, and this Court has no jurisdiction to hear any of the claims asserted in Petitioner's Counts I, III, and IV.[2]

### III. Petitioner's Challenges to his Pre-Removal Order Detention

Petitioner asserts that his pre-removal order detention violated his Due Process rights. The Magistrate Judge recommended dismissal of this claim, finding that the length of detention was reasonable in light of Petitioner's repeated appeals and motions for reconsideration. Petitioner

---

[2] Even if the Court did have jurisdiction over these claims, dismissal still would be appropriate because the claims are moot. Petitioner purports to challenge the applicability of the mandatory pre-removal detention provisions of 8 U.S.C. § 1226(c), but Petitioner concedes he is no longer being detained under those provisions. (Petitioner's Reply, docket # 74, at 4.)

objects, arguing that his detention exceeded the average pre-removal order detention, and that the government is at least partially to blame for the delay in obtaining a final order of removal.

Petitioner's objection is without merit. Petitioner's habeas challenge to his pre-removal order detention is moot because he is no longer being held under the mandatory pre-removal detention statute, 8 U.S.C. § 1226(c). Petitioner's order of removal became final as of March 25, 2008 when the BIA dismissed his appeal. *See Liu v. Holder*, 560 F.3d 485, 489 (6th Cir. 2009) (explaining the finality provisions of 8 U.S.C. § 1252(a)(1)). Since that time, Petitioner has been detained under the post-removal detention statute, 8 U.S.C. § 1231(a). Consequently, any habeas challenges to the legality of Petitioner's pre-removal detention are now moot. *Parlak v. U.S. Immigration & Customs Enforcement*, 2006 WL 3634385, at *1 (6th Cir. 2006) ("Because the petitioner is now subject to a final order of removal, and his removal has not been stayed by this court, there is no live controversy concerning whether his detention under § 1226 would be constitutional."); *Oyelude v. Chertoff*, 170 Fed. Appx. 366, 367 n. 4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004 when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231."); *De La Teja v. U.S.*, 321 F.3d 1357, 1363 (11th Cir. 2003) ("Because the Attorney General no longer is acting pursuant to § 1226(c), it is unnecessary and altogether inappropriate for us to take up the question addressed by the district court – whether De La Teja's detention pursuant to that provision violates the Due Process Clause of the Fifth Amendment.").

Even if Petitioner's claim was not moot, the Court agrees with the Magistrate Judge that Petitioner's pre-removal order detention was not unreasonable under the circumstances. Whether Petitioner's detention exceeded the average pre-removal detention is not the issue. The Court must look at the facts of each case to determine whether there has been an unreasonable dely in concluding

removal proceedings. *Ly v. Hansen*, 351 F.3d 263, 271 (6th Cir. 2003). As detailed in the Report and Recommendation, the government acted reasonably in attempting to secure a final order of removal in this case. Petitioner's repeated attempts to prevent removal greatly increased the length of his detention. Appeals and other methods of relief are to be expected in any removal proceeding, but the Court "must be sensitive to the possibility that dilatory tactics by the removable alien may serve not only to put off the final day of deportation, but also to compel a determination that the alien must be released because of the length of consideration." *Id.* at 72. Accordingly, on this record, the Court finds Petitioner's pre-removal detention did not violate his Due Process rights. **IV.**

**Petitioner's Challenges to his Post-Removal Order Detention**

Petitioner also contests his post-removal order detention. The Magistrate Judge recommended dismissal of this claim, finding that Petitioner's detention was not unreasonable under the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner objects, arguing that (1) his detention exceeds the presumptively reasonable limit identified in *Zadvydas*; and (2) there is no significant likelihood that he will be removed in the reasonable future.

In *Zadvydas*, the Supreme Court held that government detention of a criminal alien for up to six months after a final order of removal issued was "presumptively reasonable." 533 U.S. at 701. After six months, "the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Clark v. Martinez*, 543 U.S. 371, 378 (2005) (quoting *Zadvydas*, 533 U.S. at 701)).

Petitioner's challenge to his post removal detention fails for two reasons. First, his detention has not yet exceeded the presumptively reasonable six month period identified in *Zadvydas*. Under 8 U.S.C. § 1231(a)(1)(B)(iii), if Petitioner challenges a removal order and a court orders a stay of

5

removal, the six month removal period does not begin until the date of the court's final order on the challenged removal. Petitioner has challenged his removal order in the Sixth Circuit. (Case No. 08-3499). That court rejected Petitioner's request for a stay, but the Eastern District of Michigan previously ordered in this habeas action a stay of removal proceedings. (January 17, 2007 Order, docket # 2.) Petitioner's challenge to the removal order still is pending in the Sixth Circuit. Therefore, because Petitioner is actively contesting BIA's removal order, and removal proceedings have been stayed, the presumptively reasonable six month period identified in *Zadvydas* has not yet commenced. *See* 8 U.S.C. § 1231(a)(1)(B)(iii). Accordingly, Petitioner cannot state a claim for habeas relief at this time. *See*, *e.g.*, *Gjoliku v. Chertoff*, 2007 WL 518809 (W.D. Mich. 2007).

Even if Petitioner's detention had exceeded the presumptively reasonable six month period, his claim still would fail because he cannot show there is "no significant likelihood of removal in the reasonably foreseeable future." *Clark,* 543 U.S. at 378 (quoting *Zadvydas*, 533 U.S. at 701). Petitioner argues removal to the DRC is impossible or unlikely because of current conditions in that country. However, Respondents have filed a declaration from Jason Andrews, a Deportation Officer with Immigrations & Customs Enforcement ("ICE"), in which Mr. Andrews states that "ICE is still deporting individuals to the DRC." (Response to Petitioner's Objections, docket # 71, Exhibit 1, at ¶ 5.) The DRC consulate previously informed ICE that it would issue a travel document for Petitioner upon receipt of a $100 money order. ICE forwarded the money order, but DRC has not yet issued the required travel documents for Petitioner. However, Mr. Andrews avers that, "If the stay is lifted, ICE will press the DRC to obtain the promised travel document" and that "the DRC regularly accepts its citizens back for repatriation." (*Id.*, at ¶¶ 3-4.) Petitioner's subjective belief that removal is impossible is insufficient to rebut Mr. Andrews' sworn declaration. Consequently,

Petitioner's Due Process claim contesting the length of his detention fails. *See Zadvydas*, 533 U.S. at 701 ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").[3]

## V.     The Stay of Removal

The Report and Recommendation concludes that the stay of removal proceedings entered by the Eastern District of Michigan in this case on January 17, 2007 should be lifted. Petitioner does not directly object to this aspect of the Report and Recommendation, and the Court agrees with the Magistrate Judge. The Sixth Circuit already has denied Petitioner's request to stay removal proceedings, finding that Petitioner had "little likelihood" of prevailing on his challenge to the removal order. (Case No. 08-3499, August 6, 2008 Order.) The Sixth Circuit already has denied Petitioner's request to reconsider that order. (*Id.*, October 17, 2008 Order.) Petitioner presents no reason why this Court should reach a different result regarding the propriety of a stay.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 69), filed October 24, 2008, is approved and adopted as the opinion of the Court, as further supplemented by this Order.

**IT IS FURTHER ORDERED** that the January 17, 2007 Order staying removal (docket # 2) is lifted.

Dated:     May 19, 2009                         /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                UNITED STATES DISTRICT JUDGE

---

[3] In dismissing Petitioner's habeas petition, this Court neither issues nor denies a certificate of appealability because that process is inapplicable to a habeas petition brought under 28 U.S.C. § 2241. *Witham v. U.S.*, 355 F.3d 501, 504 (6th Cir. 2004) (citing 28 U.S.C. § 2253(c)(1)).